United States v. Holmes-Mateo. Good morning. I'd like to reserve, or plan to reserve two minutes for rebuttal. My name is Brian Rademacher. I'm an attorney with the Federal Public Defender's Office, and we represent Mr. Holmes-Mateo. This case should be remanded to the district court because Mr. Holmes-Mateo's The district court did not understand the law regarding downward departure for savings to the government, and the government misstated the true facts. I'd first like to address the district court's legal error in not granting the downward departure. And I see two prongs to that. The first is that the court erroneously believed that it could not depart simply  In the written materials that the government supplied before the district court ruled on this, the government agreed with you that the court had discretion, but simply urged the court to exercise it in a certain way. And you said you have discretion, but we want you to exercise it in this other way. In view of the fact that the district court had that in front of it, it seemed like everybody agreed to that, why should we conclude that this experienced judge faced with this written material would have somehow thought he didn't have any discretion? I think there are at least three things that weigh against that. The first is that even though the government may have told the court in its pleadings in one way that it had discretion, if you carefully look at what its argument was, it was essentially the same argument that the government presented in the case of United States v. Rodriguez-Lopez that we've cited in our brief. The government basically told the court you can't depart, don't depart, because he did not accept the plea agreement. So you can't depart or don't depart, those are two different concepts. It did say don't depart because Mr. Holmes Mateo did not accept the fast track plea. It's a little bit different than what occurred in Rodriguez-Lopez. However, the same thing, though, is saying you can't? I mean, they're saying it's not a savings to anybody because of this circumstance, so why would you want to depart downward? But it isn't a way of saying you lack authority. I think this actually weighs more to the second aspect of the legal error, which is that the court did not understand the correct standard for the savings to the government departure. Well, if the court understood that it had discretion and declined to exercise it, isn't that the end of everything? No, I think not. I think the court will still look to see if the court committed legal error in declining the departure. This Court has the jurisdiction to review it for legal error, I believe. Just like it would if the court commits legal error. I think, in this case, the government's position was an all or nothing, and it's essentially it amounted to a bar to the departure. What the government argued was that simply because he rejected the plea, he doesn't qualify for the departure. It said he doesn't his case isn't taken outside the guidelines. But I think there's two other things that we should look at. Even though that may have been presented to the court, what the court actually said, I think, indicates that it did not believe that it had discretion. And I'm quoting from, it's on page 48 of the excerpt, the court said, the issue, and I'll quote, the issue is that Mr. Holmes Mateo did not accept the government's plea agreement, which gives you a lot of consideration. A sentence or so later, it says, quote, but to retain certain things, he gives up certain things, and there's consequences to it. I think what the Court is saying there, it directly links Mr. Holmes Mateo not accepting the plea to his not getting the departure. So despite any suggestion by the government that it had discretion, what the district court actually said on the record about this departure is at odds with what this Court said in Rodriguez-Lopez, that you cannot directly link the failure to accept the plea with the denial of the departure. And I think that's what happened here, because the Court ended its inquiry at that point. It did not go on, as Rodriguez-Lopez says, to analyze what sort of benefit did Mr. Holmes Mateo give in this case. And had it done so, it would have seen that there were a number of benefits. In a pleading that the government filed soon after the case was started with respect to a motion to continue the time for filing the indictment, the government agreed that by waiving his right to indictment, he saved the court the government's time and effort, not having to impanel a grand jury. By entering a speedy guilty plea, he saved the government time in not having to prepare for trial, not having to set this court, the case on the calendar numerous times, not having him sit in pretrial incarceration, and there's a critical shortage. The government also agreed that by not bringing any pretrial motions, it saved time in not having to prepare for and litigate those motions. In addition, the government essentially agreed below that Mr. Holmes Mateo's reservation of the right to argue for cultural assimilation did not deprive the government of any benefit. And it conceded that by saying that in other cases it allows defendants to argue, to litigate the cultural assimilation issue. Counsel, even though the clock has not been run, I think by accident, by my watch you have used up your time. I know it's harder to keep track when it isn't running down, but if you could conclude and then we'll give you your two minutes for rebuttal. The last thing that I think is important is that this is not something the district court said, but what it did. If you read the record, the court expressed that it was sympathetic to Mr. Holmes Mateo's departure. And every time that the court believed it had discretion, it exercised it in his favor. It did so with respect to do we oppose a consecutive sentence or a concurrent sentence. It imposed. It exercised its discretion in its favor, imposed a consecutive sentence. When it was deciding whether to give or not give a downward departure for cultural assimilation, it exercised it in his favor and gave him the downward departure. And the same is true with the 41-to-51-month range. A third time that it realized it had discretion, it exercised it in its favor. Counsel, I think we understand your position. Can you have yourself your time, though? Thank you. We'll hear now from the government. Good morning. My name is Joe Kohler, and I represent the United States in this case. This Court should affirm the judgment of the district court and its sentence because the district court clearly understood that it had the discretion to depart and exercised that discretion not to depart. In addition, the district court explicitly declared that the dispute between the parties regarding the terms of the plea agreement was immaterial to its sentencing decision. The defendant's argument asked this Court to find that the district court mistakenly believed it lacked authority to depart, even though it clearly said that it clearly implied that it did. And there are a number of different things that show that it knew that it had the authority to depart. Number one, the parties both told the court that it, excuse me, had the authority to depart. Number two, the court entertained the argument on the departure. Number three, the district court granted two of the three departures that the – two of the departures that the defendant asked for and, in essence, granted a third departure by – a second departure by giving the defendant concurrent time on his request to go with the sentence on the substantive 1326 offense. So the court, when it had – believed that the departure was appropriate, exercised its discretion, and when it believed it was not appropriate, exercised its discretion not to depart. Can I interrupt for a moment? This area of the law has always puzzled me, not the formal rule, but the way in which we apply it. And that is, it's clearly, in all circumstances, an abuse of discretion by a judge when the judge does not understand the law and applies the wrong legal standard. I mean, that, by definition, is an abuse of discretion. But if the judge does understand the legal standard and then, within that standard, exercises his or her discretion, okay, that's what it is. The question is, what evidence do we want to have before us that the judge properly understood the legal standard? Ordinarily – at least I think this is the way it works – unless it's pretty clear on the face of the record that the judge mistook the legal standard, we assume that he or she understood it. Here, it seems somehow that we've managed to persuade ourselves that there's got to be an affirmative indication on the record that the judge understood the standard. And I'm not quite sure how strong that affirmative indication on the record is. And you're telling us we can infer it. That's correct. And this Court's case law, starting with Garcia-Garcia, clearly states that the Court need not explicitly declare on the record that it has the discretion. It only needs to be clear from the record that the Court understood that. And there are two cases that – one of which the defendant cited Rojas Millan, and another case from this court, Arellano-Gallegos, in which it was unclear from the record. In Arellano-Gallegos, the Court said, that's the best I can do. And this Court remanded for clarification if that court meant that that was all it could do, given what the guidelines said, or if it meant that the court was exercising its discretion. In Rojas Millan, and I know Judge Graber was on that court, guidelines – the Court said that the guidelines have failed us here. We cannot shape a sentence as we should be able to, and indicating that perhaps it might not have the discretion to depart. In those two cases, the Court remanded. However, in this case, the district court never made such a statement. Instead, the district court made it clear that it was exercising its discretion to grant downward departures in other circumstances. And in this case, it's in my brief, the Court said, where you're starting for this departure is not appropriate here, when it was granting the departures and referring back to the departure for savings to the government. It also said that to retain certain rights, that is, the right to ask for cultural assimilation, the right to appeal, the right to pursue a 2255 motion, the defendant gave up certain rights, and those rights were a guaranteed downward departure for savings to the government. That's what the defendant gave up. He didn't give up entitlement to the – or the court's discretion to that departure. He only gave up the absolute entitlement under Rule 11C1C to obtain that departure. And if the defendant had accepted the original sort of fast-track plea bargain, he was unable to get cultural assimilation? That is correct. So from his standpoint, what he wanted was, listen, I want a chance to be considered for cultural assimilation and a chance to be considered for this additional downward departure. Correct. He gets his cultural assimilation. He does not get his additional downward departure. That's what happened here. He made a trade, in essence. And asking this Court to review and say that the district court erred in not granting that downward departure, essentially telling the Court that you can't exercise your discretion that way, number one, turns Rodriguez-Lopez into a decision that compels the Court to exercise its discretion for a downward departure based on savings to the government, and that's clearly not what the Court said there. And number two, it invites the Court to inject the district court into the plea process by saying, I don't like the agreement that the government offered in this case, therefore, I'm going to downward depart. That is exactly what Rule 11 and this Court's case law prohibit. I was going to ask you, it seemed to me, and I'm looking at page 7 of the transcript, page 8 of the appellant's excerpts of record, it seemed to me that when the Court was discussing the implications of not going fast-track with the defendant, he's explicitly telling him that the lawyer can make an argument that would be unavailable under the plea agreement and that the Court would consider it and might or might not agree with it. So is that, in your view, part of what you're relying on to say the Court understood that it had the discretion to entertain the argument, but it might or might not choose to go with it? Yes, it is. Okay. Now, I'd like to address the issue of what the defendant has referred to as a false statement of fact. It's not a false fact. It's merely a statement of counsel that's the product of a faulty memory. The district court clearly understood that in the transcript. The district court said, look, sometimes we misstate things, sometimes we don't remember what we said. That kind of thing happens, but the point is it's not material here. The Court complied with Rule 32 and this Court's case law and made an explicit declaration that it was not going to rely on what the terms of the agreement would have been in making a sentencing decision. And because the district court explicitly declared that it was immaterial, this Court need not review further. The Court exercised its discretion, and this Court should affirm this case. Thank you. Thank you. Mr. Rademacher, you have some rebuttal time remaining. In response to the Court's question about page 8 of the record, I think what the Court was saying is it had discretion about the cultural assimilation departure. That's the way I read this in context. So it wasn't saying, I also understand that I can give you a downward departure for savings to the government at that point of the guilty plea. And I think there is something positive in the record here, despite the fact that the government may have said you have discretion, that one phrase where the government or the Court says, since you rejected and did not accept the government's fast-track plea, that's the end of the inquiry. You gave up the right to get that downward departure. That is contrary to what this Court said in Rodriguez-Lopez. With respect to the other issue, even if the Court would find that there is no jurisdiction and the district court believed it could depart downward. Let me ask you this. What if the judge says, and I understand I'm making explicit, which is only there by inference, and he may or may not have had this precisely in mind. What if the judge says, you gave up the fast-track because you wanted consideration for cultural assimilation. I gave you cultural assimilation. And in my view, giving up the fast-track tells me that I don't want to give you the downward departure for saving to the government. Not that I am compelled by law to do that, but in my view, giving up the plea and giving up the saving to the government that would have been accomplished by fast-track, that's enough for me, in my judgment, to deny it to you. Would that be permissible if that's what the judge thought? I don't think it's permissible if, in addition, if that's the only reason the Court indicated, that I am exercising my discretion because I've already given you as low a sentence as I believe you deserve, I've given you the cultural assimilation. Is that what the judge is asking? And to say that I'm not going to give you savings to the government because you rejected the fast-track. And I'm not doing it because the law compels me to. I'm doing it because in the exercise of my judgment, I don't think you saved the government enough. So if the Court did say, in addition, I'm not doing it because I feel like I cannot do it, then I think the case is lost. Yes. I think you haven't answered Judge Fletcher's question. Is that such an impermissible basis to exercise discretion if the judge knows that he has discretion, that nonetheless, we have the authority to review that and to reverse that exercise of discretion? You're asking if it's an acceptable reason to deny the departure for savings to the government. Right. If the judge says, I know I have discretion, and I'm going to exercise it, but here's my thinking process. Yes, I agree. I agree with Judge Fletcher. I think that that would end the matter that if he says, I have discretion, but I'm not exercising it for this reason. And this is the sole reason. And it's the sole reason. But I think here we have something in addition. The Court said, I'm not giving it to you because you gave up that right because you did not accept the plea agreement. And that, I think, is the comment in the record which shows it didn't have discretion, along with the fact that it always exercised its discretion when it felt that it did have it, and it said none of those things. Okay. Okay. Thank you, counsel. The case just argued is submitted. And we will next hear argument in the United States versus Lopez Solis. Counsel.
judges: T.G. Nelson, Graber, W. Fletcher